United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Alvin Celius Andre, Movant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-62293-Civ-Scola |
| | ) | (Criminal Case No. 18-60271-CR-Scola) |
| United States of America, | ) | |
| Respondent. | ) | |

## Order Denying Motion to Vacate Sentence

Before the Court is Movant Alvin Celius Andre's Motion to Vacate Sentence Under 28 U.S.C. § 2255. Therein, Andre moves to vacate his sentence in Case No. 18-60271-CR-Scola. The Court has considered Andre's motion and supporting memorandum of law (ECF No. 1), the government's response (ECF No. 7), Andre's reply (ECF No. 9), the entire record, and is otherwise fully advised. For the reasons explained below, the Motion is denied on all grounds.

### 1. Background

The underlying facts and procedural history in this case are not in dispute. Andre indicates in his reply that he "attacks the legitimacy of his conviction, not the sufficiency of the evidence." (ECF No. 9 at 5). The Court therefore adopts the procedural history and factual background[1] provided in the response (*see* ECF No. 7 at 1-3) and sets forth the facts relevant to its analysis of the instant motion.

Andre raises eight claims of ineffective assistance of trial and appellate counsel. (*See generally* ECF No. 1). Grounds one through five allege ineffective assistance of trial counsel. (*See id.* at 4-13). Grounds six through eight pertain to appellate counsel. (*See id.* at 14-16).

In Ground One, Andre asserts counsel's ineffectiveness in failing to object to "the prosecutor's statements during closing which constituted a constructive amendment." (*Id.* at 4). This ground relates to the prosecutor's statements

---

[1] The factual background section of the Response is taken from the Eleventh Circuit Court of Appeals' opinion affirming the convictions and sentences. *See United States v. Andre*, 813 F. App'x 409, 410-11 (11th Cir. 2020).

concerning the charges in Count One of the indictment. (*See id.*). In Ground Two, he alleges ineffective assistance in counsel "failing to object to an obvious fatal variance when the government presented evidence not contained in the indictment." (*Id.* at 5). In Ground Three, he alleges that counsel rendered ineffective assistance in failing "to object to the government's misstatements rising to the level of prosecutorial misconduct during closing arguments." (*Id.* at 7). In Ground Four, he asserts counsel was ineffective for "failing to object to the prosecutor's statement during closing which constituted a constructive amendment." (*Id.* at 8). This ground relates to the prosecutor's statements concerning the charges in Count Two of the indictment. (*See id.*). In Ground Five, Andre alleges that the "cumulative effect of counsel's errors" rises to the level of ineffective assistance. (*Id.* at 13).

Grounds Six through Eight pertain to appellate counsel. In Ground Six, he asserts that counsel was ineffective for failing to raise the constructive amendment issue set out in Ground One of the motion. (*Id.* at 14). In Ground Seven, he asserts that counsel was ineffective for failing to raise the constructive amendment issue set out in Ground Two of the motion. (*Id.* at 15). Finally, in Ground Eight, he asserts that counsel was ineffective for failing to raise the prosecutorial misconduct issue raised in Count Three of the motion. (*Id.* at 16).

### 2. Legal Standard

### A. Section 2255 Motions

Under section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a) (alterations added). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under section 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982) A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States;

(2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "[R]elief under 28 U.S.C. [section] 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (cleaned up).

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88.

To establish deficient performance, the petitioner must show that "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or what is prudent or appropriate, but only [on] what is constitutionally compelled." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (cleaned up).

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### 3. Discussion

### A. Timeliness and Procedural Default

The parties agree the motion is timely and no claims are procedurally defaulted. (Mot. at 11, ECF No. 1; Resp. at 5, ECF No. 7). Having reviewed the record in full, the Court confirms the same. The parties dispute the merits of Andre's ineffective assistance of counsel ("IAC") claims in Grounds One through Eight of the Motion. Accordingly, the Court proceeds to the merits.

### B. IAC Ground One

Andre asserts ineffective assistance in trial counsel's failure to object to the prosecutor's statements during closing argument which constituted a constructive amendment. (*See* ECF No. 1 at 4). He argues that Count One of the indictment "did not include attempted persuasion, enticement, inducement, or coercion of AN ADULT." *Id.* However, in closing argument the prosecutor constructively amended the indictment by stating no less than six times that persuading an adult (the father who is bringing the daughter) was a sufficient basis for conviction. *Id.* Andre alleges ineffective assistance in counsel's failure to object to each of the prosecutor's statements and for failure to request a curative instruction. *Id.*

"A constructive amendment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Narog*, 372 F.3d 1243, 1247 (11th Cir. 2004). The Court finds that constructive

amendment did not occur in this case. Rather, the prosecutor correctly stated the law in closing argument. As explained by the Eleventh Circuit in affirming Andre's convictions, a "defendant does not have to communicate or negotiate directly with a child to be convicted under § 2422(b), nor does the child even have to exist. A defendant 'can be convicted under [§ 2422(b)] when he arranges to have sex with a minor or a supposed minor through communications with an adult intermediary.' *United States v. Lanzon*, 639 F.3d 1293, 1299 (11th Cir. 2011)." *Andre*, 813 F. App'x. at 413. Ultimately, "[w]hat matters is that Andre agreed to pay money to have sex with a child." *Id.* at 414. Because the prosecutor correctly stated the law in closing argument, Ground One is meritless.

Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013). Andre fails to show "deficient performance" or "prejudice." *Strickland.* 466 U.S. at 687-88. Accordingly, Ground One is denied.

### C. IAC Ground Two

In Ground Two, Andre alleges counsel was ineffective for "failing to object to an obvious fatal variance when the government presented evidence not contained in the indictment." (ECF No. 1 at 5). A variance between indictment and proof is fatal only when it affects the "substantial rights" of the defendant by insufficiently notifying him of the charges against him so that he may prepare a proper defense. *See Berger v. United States*, 295 U.S. 78, 82 (1935). Once again, Andre misunderstands the law. As explained above, a defendant can be convicted under Section 2422(b) when he arranges to have sex with a minor or a supposed minor through communications with an adult intermediary. That is what happened in this case. Andre was indicted, and later convicted at trial, for communications he had with the fictional father concerning the fictional child. As explained by the Eleventh Circuit, a defendant can be convicted under Section 2422(b) for exactly this conduct. *See Andre*, 813 F. App'x. at 413. The Court finds that there was no variance between the indictment and proof at trial. As such,

counsel was not ineffective for failing to raise a non-meritorious issue. *See Chandler*, 240 F.3d at 917. Andre fails to show "deficient performance" or "prejudice." *Strickland.* 466 U.S. at 687-88. Accordingly, Ground Two is denied.

### D. IAC Ground Three

Andre alleges in Ground Three that counsel rendered ineffective assistance in failing "to object to the government's misstatements rising to the level of prosecutorial misconduct during closing arguments." (ECF No. 1 at 7). This claim centers on the prosecutor's statements to the jury asserting that "we do not have to show that he had a predisposition." *Id.* Andre states that entrapment was his defense at trial, meaning that "the government was required to prove the essential element of predisposition." *Id.* He alleges that, no less than four times during closing argument, the prosecutor told the jury that "we do not have to show that he had a predisposition." *Id.* Andre asserts that counsel was ineffective for failing to object and seek a curative instruction. *Id.*

The Court first notes that a prosecutor's statements in closing argument are not evidence. The jury was instructed on the law by the Court. On direct appeal, the Eleventh Circuit held that the Court did not abuse its discretion in giving the entrapment pattern jury instruction, which states in relevant part: "if there is a reasonable doubt about whether the Defendant was willing to commit the crime without the persuasion of a Government officer or a person under the Government's direction, then you must find the Defendant not guilty." *Andre*, 813 F. App'x at 412; Eleventh Circuit Criminal Pattern Instruction, No. S13.1 (2016).

The Eleventh Circuit also addressed the question of whether Andre was predisposed to commit his crimes before he was contacted by the government. On this point, the Eleventh Circuit stated:

> "Even though predisposition involves the defendant's willingness to commit the crime before he was contacted by the government, proving it does not require pre-contact evidence. Predisposition can be proven by the defendant's 'ready commission' of the charged crime. Or it can be shown if the defendant is given the opportunity to back out of the illegal activity but fails to do so. Whether a

> defendant was predisposed to committing a crime is a 'fact-intensive and subjective inquiry.'
>
> The government's evidence proved that Andre was predisposed to commit the crimes. It showed that Andre was the one who initially contacted Fowler in response to the Craigslist ad. It showed that once Andre knew the daughter was nine years old he chose to ask for photos of her and continued to plan to have sex with her. And it showed that Andre had plenty of opportunity to back out of the crimes during the months-long gap in communication but chose instead to re-engage with Fowler and break the law. That is enough to show predisposition."

*Andre*, 813 F. App'x at 414-15 (cleaned up). Given the abundant proof of predisposition, Andre fails to establish that "the result of the proceeding would have been different" had counsel objected and requested a curative instruction. *Strickland*, 466 U.S. at 694. Having failed to demonstrate any prejudice under *Strickland*, Ground 3 is denied. *See Dale v. United States*, 809 F. App'x 727, 728 (11th Cir. 2020) (noting "a court need not address both prongs if a defendant has made an insufficient showing of one.").

### E. IAC Ground Four

In Ground Four, Andre asserts counsel was ineffective for "failing to object to the prosecutor's statement during closing which constituted a constructive amendment." (*Id.* at 8). This ground relates to the prosecutor's statements concerning the charges in Count Two of the indictment. (*See id.*). Andre was indicted for attempted enticement of a minor to engage in illicit sexual activity, in violation of 18 U.S.C. § 2422(b) (Count I) (*See* CR ECF No. 7). In a Superseding Indictment, he was indicted on a second count of attempted sex trafficking of a minor, in violation of 18 U.S.C. § 1591 (*See* CR ECF No. 26). Andre asserts that in closing argument the prosecutor referenced solicitation of "the father, not the minor." (ECF No. 1 at 8). He claims ineffective assistance in counsel's failure to object to each of the prosecutor's statements and to request a curative instruction. (*See id.*).

For the reasons explained in IAC Ground One, this claim is meritless. The Eleventh Circuit has foreclosed the distinction that Andre seeks to draw between

solicitation of the fictional father and fictional minor child. *See Andre*, 813 F. App'x. at 413. ("[w]hat matters is that Andre agreed to pay money to have sex with a child."). Counsel is not ineffective for failing to raise non-meritorious issues. *See Chandler*, 240 F.3d at 917. Andre fails to show "deficient performance" or "prejudice." *Strickland.* 466 U.S. at 687-88. Accordingly, Ground Four is denied.

### F. IAC Ground Five

In Ground Five, Andre alleges that the "cumulative effect of counsel's errors" rises to the level of ineffective assistance. (*Id.* at 13). Andre does not provide any specific errors, rather he seems to assert that the cumulative effect of the errors alleged in Grounds One through Five rise to the level of ineffective assistance. As discussed above, the Court finds that trial counsel did not err in failing to raise meritless issues. Andre fails to show "deficient performance" or "prejudice." *Strickland.* 466 U.S. at 687-88. Accordingly, Ground Five is denied.

### G. IAC Grounds Six, Seven, and Eight

In Ground Six through Eight, Andre asserts ineffective assistance of appellate counsel. In Ground Six, he asserts that counsel was ineffective for failing to raise the constructive amendment issue set out in Ground One of the motion. (*Id.* at 14). In Ground Seven, he asserts that counsel was ineffective for failing to raise the constructive amendment issue set out in Ground Two of the motion. (*Id.* at 15). Finally, in Ground Eight, he asserts that counsel was ineffective for failing to raise the prosecutorial misconduct issue raised in Count Three of the motion. (*Id.* at 16).

As discussed above, the claims in Grounds One, Two, and Three are meritless. Therefore, appellate counsel cannot be ineffective for failing to raise them on direct appeal. *See Chandler*, 240 F.3d at 917. Andre fails to show "deficient performance" or "prejudice." *Strickland.* 466 U.S. at 687-88. Accordingly, Grounds Six, Seven, and Eight are denied.

### H. Evidentiary Hearing

A district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous. *See Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002). The Court finds the claims to be patently frivolous and that the motion and the files and records of the case conclusively show that Andre is not entitled to relief. *See* 28 U.S.C. § 2255(b). Therefore, Andre's request for an evidentiary hearing is denied.

### I. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Here, Andre fails to make "a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Accordingly, upon consideration of the record, the Court denies the issuance of a certificate of appealability.

### 4. Conclusion

For the foregoing reasons, all grounds in Andre's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (ECF No. 1) are **denied**. No evidentiary hearing will be set, and the Court does not issue a certificate of appealability. The Court directs the Clerk to **close** this case. Any pending motions are **denied** as moot.

**Done and ordered**, in chambers, in Miami, Florida, on October 4, 2022.

Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Alvin Celius Andre
15595-104
Tucson-USP

United States Penitentiary
Inmate Mail/Parcels
Post Office Box 24550
Tucson, AZ 85734
PRO SE